UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EARL ELLIS, #06800                                           PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14cv994-DPJ-FKB

BARBARA DUNN, TYRONE LEWIS,
ROBERT SCHULER SMITH,
ALICIA BOX, WILLIAM F. COLEMAN,
GEORGE S. LUTER,
FORMER DISTRICT ATTORNEY ED PETERSON,
AND FORMER SHERIFF MALCOLM E. MCMILLIN                               DEFENDANTS

ORDER

Plaintiff Thomas Earl Ellis, an inmate of the Mississippi Department of Corrections

("MDOC"), filed this *pro se* civil action against Barbara Dunn, Tyrone Lewis, Robert Schuler

Smith, Alicia Box, William F. Coleman, George S. Luter, Former District Attorney Ed Peterson,

and Former Sheriff Malcolm E. McMillin.[1]  The Court, having liberally construed the pleadings

and considered the applicable law, finds that the case should be dismissed in part.

I.      Facts and Procedural History

According to Ellis's Complaint [1] and Response [21] to the Magistrate Judge's Order

[17] requiring him to provide additional information, Ellis claims that his 1991 conviction of

sexual battery was unlawful because Defendants failed to keep accurate records, falsified records,

and refused to produce records relating to his 1990 arrest and subsequent conviction.  A copy of

the Order of the Circuit Court of Hinds County, Mississippi, reflecting Ellis's plea of guilty to

---

[1]Ellis's Complaint references "Count of Hinds" in the style of the case.  Count of Hinds was not added as a defendant.  To the extent Ellis intended to sue Hinds County, Mississippi, all such claims are dismissed as Ellis has not stated a claim against Hinds County.  *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978) (holding that municipal liability must be based on a governmental policy that causes a constitutional violation).

sexual battery, is attached to his Complaint.  Attach. [1-1] at 24.  Defendants, with the exception of Alicia Box and George Luter, are all current or former Hinds County Circuit Court or Hinds County employees.  Box is an MDOC records officer, and Luter was Ellis's attorney at the time of the 1991 plea.

Ellis also claims that Defendants committed fraud, conspired to violate the state record-keeping laws to secure his conviction, were negligent, and failed to perform their official duties with respect to record keeping and production of records.  According to Ellis, the flaws in the records related to his 1990 arrest and 1991 guilty plea render his conviction unlawful, and therefore that conviction should not have been used as a sentence enhancement when he was convicted in 2011 on a 2009 charge.  Compl. [1] at 1 14.  Additionally, Ellis claims that Luter was ineffective as counsel in that Luter failed to produce discovery and "misrepresented" Ellis on the day of his plea.  Resp. [21] at 3.

As factual support for his claims, Ellis argues that his sentence-computation record has no arrest date, a separate judgment was not entered with respect to his 1991 guilty plea, he was not arraigned on the 1990 charge, no transcript of any arraignment on that charge has been provided to him, Hinds County Sheriff Tyrone Lewis failed to produce the police report and affidavit supporting that charge, Hinds County District Attorney Robert Schuler Smith failed to produce original documents related to that charge, Hinds County Circuit Clerk Barbara Dunn failed to keep proper records of the foregoing, and Alicia Box failed to produce the prison-mail log.[2]

---

[2]The Mississippi Supreme Court stated in an order that Ellis could prove that he filed certain motions with the trial court by submitting a copy of the prison-mail log reflecting that the motions had been mailed.  Attach. [1-1] at 19.  At page 12 of his Complaint, Ellis also states that he sought the prison-mail log reflecting that the plea transcript had been sent to the prison.  *See* Attach. [1-1] at 25.

Compl. [1] at 5  7, 12.

Ellis alleges that George Luter, appointed to represent him by the state court, was ineffective and part of a conspiracy with the presiding judge, William F. Coleman,and the prosecutors to convict Ellis.[3]   Attach. [1-1] at 64.  Ed Peterson, according to Ellis, was the district attorney responsible for his records.[4]  Resp. [21] at 2.  Judge Coleman should have had records too, Ellis alleges.  *Id.*  Ellis claims that all named Defendants conspired to deprive him of due process and to inflict cruel and unusual punishment upon him in violation of 42 U.S.C. § 1983.  Compl. [1] at 7.

At page four of his Complaint, Ellis states that he is bringing this civil action under "42 U.S.C. §§ 1981 and 1998 racial discrimination claims under 42 U.S.C. §§ 1985 civil rights conspiracy claim Title VII federal civil rights violation employment 41 U.S.C. §§ 1997."[5]  *Id.* at 4.  Ellis also asserts that he is making a claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346, as well as "*Bivens* Claims" against the individual defendants.  *Id.* at 9; *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[3]Judge Coleman died on May 31, 2014.  *See William Coleman Obituary*, Clarion Ledger (June 5, 2014), http://www.legacy.com/obituaries/clarionledger/obituary.aspx?pid  171234592.  In light of the Court's determination that Ellis's claims against Judge Coleman are barred by judicial immunity and the applicable statute of limitations, the Court need not determine whether Ellis's claims against Judge Coleman survive his death.

[4]Ed Peters was the Hinds County District Attorney in 1990 and 1991, not Ed Peterson.  *See* James R. Crockett, Power Greed and Hubris:  Judicial Bribery in Mississippi 235 (2013).

[5]The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq.*, is applicable to Ellis's suit.  The Court found no statute at 41 U.S.C. § 1997.  Title 41 concerns federal procurement policy.

Ellis seeks declaratory judgment, damages, state- and federal-law criminal charges against the current and former public officials named as defendants, the resignation or termination of employment of any Defendants still in office, production of the original transcript of his 1991 plea and other documents related to the 1990 charge, and that his sentence be vacated.  Compl. [1] at 1, 8  12, 14; Resp. [21] at 1.

II.       Discussion

Since Ellis is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures of 28 U.S.C. § 1915, which may occur prior to the service of process. As part of this screening process, the Court is permitted to *sua sponte* dismiss a complaint if the complaint is legally frivolous or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Fifth Circuit Court of Appeals deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992) (per curiam).

A.       Relief Sought

1.       Habeas

As noted *supra*, as part of the relief requested, Ellis urges the Court to vacate his sentence.  To the extent Ellis is attempting to challenge the fact or duration of his confinement and seeks as relief immediate or speedier release from incarceration, a petition for a writ of habeas corpus is the proper remedy, not a Section 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Normally, the Court would sever the habeas claims, but it will not do so here because Ellis has a pre-existing habeas petition pending in this Court that raises many of the same issues.  *See Ellis v. Byrd*, No. 3:15cv121-HTW-FKB.  Accordingly, any and all such claims

4

are dismissed without prejudice.

> 2.     Mandamus

Citing state-law record-keeping duties, Ellis also urges the Court to compel production of the state-court records he seeks.  In the attachments to his Complaint, he also references Mississippi's mandamus statute regarding the state circuit court's ability to command officials to act or not act.  Attach. [1-1] at 5.  To the extent Ellis invokes this statute to compel production of the records through a writ of mandamus rather than by filing a request for discovery, the request is denied.

This Court may not issue a writ of mandamus commanding the state-court officials Ellis has sued to perform their duties.  "[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 216 (5th Cir. 2010) (per curiam); *see Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *see also Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013) (per curiam) (holding that federal district court lacked authority to compel state appellate court to loan plaintiff records).  Nor may this Court enter injunctive relief requiring state officials to comply with state law.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (noting that *Ex Parte Young* is limited to prospective relief sought for alleged violation of federal law and is inapplicable to alleged violation of state law).  Accordingly, Ellis's requests for a writ of mandamus and/or injunctive relief ordering Defendants to provide the records he seeks are dismissed.

3.      Damages Claims

a.      Absolute Immunity

Defendant William F. Coleman, as the presiding judge in Ellis's 1990 criminal case, is entitled to absolute immunity from damages arising from acts performed within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam). In determining whether a judge acted within the scope of his judicial capacity, this Court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *see Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Applying these factors, the Court concludes that Judge Coleman's disputed actions were "'judicial in nature.'" *Ballard*, 413 F.3d at 517. Ellis's claims against Judge Coleman are also barred by the applicable statute of limitations and by *Heck v. Humphrey*, 512 U.S. 477 (1994), as discussed *infra*.

Ed Peters, the Hinds County District Attorney in 1990 and 1991, identified by Ellis as Ed "Peterson," is entitled to prosecutorial immunity from the damages claims asserted by Ellis in this case. District attorneys, when acting as criminal prosecutors, "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd*, 31 F.3d at 285. This immunity extends to the "prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* The alleged actions taken by the prosecutor in Ellis's 1990 criminal case were "intimately associated with the judicial

6

phase of the criminal process," and therefore the prosecutor is entitled to absolute immunity from the claims asserted in this Section 1983 case. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Moreover, Ellis's claims against Peters are barred by the applicable statute of limitations and by *Heck*, as discussed *infra*.

### b. Statute of Limitations

Ellis's Section 1983 claims are subject to Mississippi's three-year statute of limitations. *See Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Federal law governs when claims accrue for statute-of-limitations purposes. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) ("Accrual of a § 1983 claim is governed by federal law . . . ."). The Section 1983 limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). A plaintiff must be aware of both the existence of an injury and the causal connection between the injury and the defendant's actions. *Piotrowski*, 237 F.3d at 576. A plaintiff is not required to know that he has a legal cause of action but only facts that would ultimately support a claim. *See Piotrowski v. City of Hous.*, 51 F.3d 512, 516 (5th Cir. 1995). Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further." *Id.*

Ellis filed this lawsuit on December 18, 2014.[6] His Section 1983 claims are premised on

---

[6]Ellis signed his Complaint on December 18, 2014, though it was not filed with this Court until December 23, 2014. "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. Louisiana*,

the inadequacies with his 1990 arrest and subsequent conviction, including the lack of an arraignment and entry of a separate judgment for his guilty plea, as well as an alleged conspiracy between all named Defendants to refuse to produce any documents.  Ellis claims that this conspiracy to withhold evidence concerning his charge and conviction deprived him of due process and resulted in cruel and unusual punishment.  The question is whether the statute of limitations for these claims accrued more than three years before this suit was filed.  The Court concludes that it did.

Although Ellis may only have become concerned with the particulars of his 1990 arrest and 1991 conviction when he was arrested again in 2009, there is ample reason to believe that he either was actually aware or should have been aware of the lack of an arraignment or a separate entry of judgment related to this conviction.  Similarly, the Court finds that he was or should have been aware of his claims against Judge Coleman, Ed Peters, Barbara Dunn, George Luter, and former Hinds County Sheriff Malcolm E. McMillin concerning any alleged deficiencies in the paperwork related to his conviction well more than three years before he filed this lawsuit. Ellis has offered no explanation as to why, prior to December 2011, he was either unaware of these facts or could not determine that the acts, if true, constituted a cognizable injury. Therefore, all claims against William F. Coleman, Ed Peters, George S. Luter, and Malcolm E. McMillin are dismissed with prejudice as barred by the statute of limitations.  All claims against Barbara Dunn which accrued before December 18, 2011, are likewise dismissed with prejudice. The only surviving claims against Barbara Dunn concern Ellis's requests for documents accruing on or after December 18, 2011.

--------

No. 98-2867, 1999 WL 562729, at *2 n.3 (E.D. La. July 29, 1999).

c.      *Heck* Bar

Ellis has not demonstrated that either his 1991 conviction or his 2011 conviction has been

reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, to the extent Ellis's damages claims call into question the validity of his

convictions or imprisonment, they are barred by *Heck*, 512 U.S. at 486  87.

Ellis argues that the record-keeping deficiencies he alleges demonstrate that he is

innocent and that he was illegally sentenced in 1991.  Resp. [21] at 1  2.  Ellis further argues that

the 1991 conviction, therefore, was unlawfully used to enhance his sentence in connection with

his 2011 conviction.  A finding in his favor on those claims would necessarily be at odds with his

1991 conviction as well as his 2011 sentence.  Accordingly, Ellis's damages claims regarding

alleged deficiencies in the records and procedures related to his 1990 arrest and 1991 conviction,

and all claims challenging the legality of his 1991 conviction and its alleged use as a sentence

enhancement in connection with his 2011 conviction, are dismissed with prejudice until the *Heck*

conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam)

(holding claims dismissed under *Heck* are properly "dismissed with prejudice . . . until the *Heck*

conditions are met").

d.      *Bivens*/FTCA

Ellis did not sue any federal officers.  He has not identified any federal actor as a

defendant.  Therefore, he has not stated a claim pursuant to either *Bivens* or the FTCA.  *See* 28

U.S.C. §§ 1346(b), 2671  2680; *Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics*, 403 U.S. 388 (1971).  Ellis also cites 28 U.S.C. § 1495.  Attach. [1-1] at 59.  That

statute pertains to damages available if a person is unjustly convicted of an offense against the

United States and is imprisoned.  It is not applicable to this case.  Accordingly, Ellis's *Bivens*,

FTCA, and Section 1495 claims are dismissed without prejudice for failure to state a claim.

III.    Conclusion

Ellis's habeas claims by which he seeks to be released from prison or released earlier are

dismissed without prejudice to his right to continue with his separately filed habeas petition.

Ellis's claims for mandamus/injunctive relief relating to production of state-court records are

dismissed with prejudice as beyond the relief available in this Court.  Ellis's claims against

Defendants William F. Coleman and Ed Peters are dismissed with prejudice on the bases of

absolute immunity, the statute of limitations, and *Heck*.  Ellis's claims against Defendants

George S. Luter and former Hinds County Sheriff Malcolm E. McMillin are dismissed with

prejudice as time barred.  Ellis's claims against Defendant Barbara Dunn accruing before

December 18, 2011, are dismissed with prejudice as barred by the statute of limitations.  Ellis's

damages claims by which he alleges that he was wrongfully convicted in 1991 and illegally

sentenced in 2011 based on that 1991 conviction are dismissed with prejudice as *Heck* barred

until the *Heck* conditions are met.  Ellis's *Bivens* and FTCA claims, as well as his claim pursuant

to 28 U.S.C. § 1495, are dismissed without prejudice for failure to state a claim.

The only surviving claims are Ellis's claims against Defendants Dunn, Box, Lewis, and

Smith based on federal law and related to alleged failure or refusal to provide Ellis with records,

including court records, prison-mail logs, police reports, and laboratory results, pursuant to

requests made by Ellis on or after December 18, 2011, or pursuant to such requests which were

pending on December 18, 2011.

The Court will issue a separate order addressing service of process as to the remaining Defendants.

This partial dismissal will count as a "strike" in accordance with the PLRA.  *See* 28 U.S.C. § 1915(g).  If Ellis receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

11