UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EARL ELLIS                                                        PLAINTIFF

V.                                            CIVIL ACTION NO. 3:14-CV-994-DPJ-FKB

BARBARA DUNN, et al.                                                   DEFENDANTS

ORDER

This pro se § 1983 action is before the Court on the Report and Recommendation [97] of Magistrate Judge F. Keith Ball. Judge Ball recommended granting Defendants' motions for summary judgment [86, 90] and dismissing this action with prejudice. Plaintiff Thomas Earl Ellis did not object; instead, he moved to amend his complaint [98]. The Court, having considered each of these filings, finds that the Report and Recommendation should be adopted in part. Ellis's motion to amend is denied.

I.  Facts and Procedural History

In 1991, Ellis pleaded guilty in the Circuit Court of Hinds County, Mississippi, to one count of sexual battery. After serving time, he was again indicted in 2009 in state court for sexual battery and gratification of lust. He was tried and convicted on those counts in March 2011. The court sentenced Ellis as a habitual offender, using his 1991 conviction to enhance his sentence. His 2011 convictions were affirmed in March 2014, and his application for post-conviction relief was denied seven months later.

Ellis filed suit in this Court on December 23, 2014, alleging, among other things, that Defendants failed to keep accurate records, falsified records, and refused to produce records. Because Ellis is a prisoner proceeding *in forma pauperis*, his Complaint was subject to the screening procedures of 28 U.S.C. § 1915. As part of that process, the Court dismissed Ellis's

case in part. *See* Order [35].[1]  All that is left are Ellis's federal-law claims against Defendants Barbara Dunn, Alicia Box, Tyrone Lewis, and Robert Schuler Smith regarding their alleged failure to provide records Ellis allegedly requested.

Judge Ball conducted an omnibus hearing on August 31, 2016, to question Ellis concerning these claims and to address other case-management issues. Omnibus Order [74] at 1. Based on Ellis's testimony, Judge Ball clarified Ellis's claims as alleging a failure to produce records regarding his previous 1991 conviction in Hinds County, Mississippi.

Once Ellis's claims against the remaining Defendants were clearly framed, Defendants Dunn, Lewis, Box, and Smith moved for summary judgment. Motion [86]; Motion [90]. Judge Ball issued a Report and Recommendation [97], recommending the Court grant their summary-judgment motions and dismiss this action with prejudice. Ellis did not file an objection, choosing instead to file a motion to amend his complaint [98]. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.    Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

---

[1] That Order dismissed the following: habeas claim, request for writ of mandamus, all § 1983 claims against Judge William F. Coleman, Ed Peters, George S. Luter, and Malcom E. McMillin, some § 1983 claims against Barbara Dunn, all damage claims regarding alleged deficiencies in the records and procedures related to Ellis's 1990 arrest and 1991 conviction, all claims challenging the legality of Ellis's 1991 conviction and its alleged use as a sentence enhancement in connection with this 2011 conviction, and all *Bivens*/FTCA claims.

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III. Analysis

The Court will first examine the grounds for dismissal as set forth by Judge Ball and then turn to Ellis's motion to amend.

A. Failure to State a Claim

In his Report and Recommendation, Judge Ball observed that "the only constitutional right implicated by [Ellis's] allegations is that of access to the courts." R&R [97] at 3. Ellis never objected to this description of his claim, and it otherwise seems correct. To state such a claim,

3

> an inmate . . . must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. This requires the inmate to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. The inmate must describe the underlying claim well enough to show that its "arguable nature . . . is more than hope."

*Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (citation omitted).

Here, Judge Ball determined that Ellis requested the records at issue in order to challenge the validity of his 1991 conviction as a basis for the enhancement of his 2011 sentences. R&R [97] at 3. The Court agrees with that conclusion. Omnibus Tr. [90-1] at 6–7 ("I was enhanced as a habitual offender. . . . Those [a]re the facts that . . . I needed to really go ahead and proceed with my habeas corpus."). So Ellis must show that the challenge to his enhanced 2011 sentence based on the validity of his 1991 conviction is "nonfrivolous" and "more than hope." *Brewster*, 587 F.3d at 769.

According to Judge Ball, Ellis failed to do so because his allegations are "insufficient to establish that he has an arguable basis for challenging his 1991 conviction." R&R [97] at 3. Judge Ball is probably correct that Ellis failed to make a sufficient showing *in this case* that his records requests regarding the 1991 conviction relate to a nonfrivolous issue. That said, Ellis has a habeas petition pending before another judge in this district in which he claims that "the habitual . . . enhancement must be vacated." *See Ellis v. Byrd*, No. 3:15-CV-121-HTW-FKB, docket no. 1 at 5 (CM/ECF pagination). In other words, it appears that Ellis may be challenging the 1991 conviction in his pending habeas case as it relates to the sentencing enhancement he received for his 2011 conviction. *See* Order [35] at 4.

If that is so, then another judge will ultimately decide whether Ellis's 1991 conviction could enhance his subsequent conviction. And for that reason, this Court is reluctant to hold that Ellis has no arguable legal claim that was hindered by the alleged failure to produce records. Out

4

of caution, the Court therefore concludes that it would be better to focus on Judge Ball's alternative holding that Ellis's claims fail as to each Defendant.

B.  Individual Defendants

1.  Official-Capacity Claims

Turning first to Mississippi Department of Corrections ("MDOC") Records Officer Box and Hinds County District Attorney Smith, the Court adopts Judge Ball's finding that Ellis's claims against them in their official capacities are barred under the Eleventh Amendment. *See* R&R [97] at 4; *see also Brooks v. George Cty., Miss.*, 84 F.3d 157, 168 (5th Cir. 1996) (finding district attorney entitled to Eleventh Amendment immunity); *Williams v. Miss. Dep't of Corr.*, No. 3:12-CV-259-CWR-FKB, 2012 WL 2052101, at *1 (S.D. Miss. June 6, 2012) (holding MDOC entitled to Eleventh Amendment immunity). Because Ellis asserts a claim against Smith in his official capacity only, Smith is dismissed entirely from this suit. Omnibus Tr. [97] at 15.

As for Hinds County Sheriff Lewis and Hinds County Circuit Clerk Dunn, Ellis's claims against them in their official capacities are treated as claims against the County. So to hold these Defendants liable, Ellis must show "(1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation." *Smith v. Harrison Cty., Miss.*, No. 1:07CV1256-LG-JMR, 2010 WL 4105674, at *2 (S.D. Miss. Sept. 27, 2010) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)). As Judge Ball observed, Ellis has neither shown nor alleged any such policy or custom. *See* R&R [97] at 4. Ellis offers no objection to that finding, which is otherwise correct. Therefore, his official-capacity claims as to Lewis and Dunn are dismissed.[2]

---

[2] Judge Ball found that Ellis stated at the omnibus hearing that he is asserting a claim against Lewis in his official capacity only. R&R [97] at 4. But that is not entirely clear on the

2. Individual-Capacity Claims

In order to prevail on a claim for violation of the constitutional right to access the courts, Ellis must show "a *deliberate* denial of his right of access to the courts" in failing or refusing to provide him with records. *Hughes v. Hamlin*, 275 F.3d 1079 (5th Cir. 2001) (emphasis added). The Court agrees with Judge Ball that Ellis fails to make any showing that Dunn deliberately denied his access to the Court by withholding records. R&R [7] at 4–5. Similarly, Lewis states in his affidavit, "I have received no requests for records from Mr. Ellis related to [the 1991 conviction] criminal investigation." Lewis Aff. [86-2]. This sworn statement remains uncontested, and Ellis does not otherwise show that Lewis deliberately failed or refused to provide him with records or documents. Finally, Judge Ball found that Ellis's sole allegation that Box misinterpreted Ellis's request for a prison-mail log and instead sent him a copy of a sentencing order "hardly rises to the level of an intentional interference with Ellis's attempts to obtain the desired records." R&R [97] at 6. In the absence of any evidence or objection from Ellis to the contrary, the Court agrees. *See Hughes*, 275 F.3d at 1079 (holding negligent conduct is not actionable under § 1983 court-access claim). On this record, Ellis's claims against all individual defendants are due to be dismissed.

C. Motion to Amend

But the Court's work does not end there. Following entry of Judge Ball's Report and Recommendation, Ellis filed a motion to amend his complaint. And indeed, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*, 587

---

face of the transcript, so in the interest of justice, the Court will evaluate whether any individual claim asserted against Lewis survives summary judgment.

F.3d at 767–68. But the Court may properly consider futility of the amendment, i.e., situations where "the plaintiff has already pleaded his 'best case.'" *Id.*

Because Ellis did not file a proposed amended complaint, the Court construes his Complaint [1] as amended by the allegations asserted in his motion to amend.[3] After review, the Court finds that Ellis's motion neither alleges any materials facts that would alter the Court's findings as to any Defendant nor addresses the deficiencies identified by Judge Ball. His motion to amend is futile and thus denied.[4]

IV. Conclusion

In sum, the Court has considered all arguments raised by Ellis in his filings; those not addressed would not have changed the outcome. For the foregoing reasons, the Court finds that the Report and Recommendation [97] of Magistrate Judge F. Keith Ball should be adopted in part as the opinion of this Court. Defendants' motions for summary judgment [86, 90] are granted. Ellis's Motion to Amend [98] is denied.

This action is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.[5]

---

[3] Ellis previously moved for leave to amend his Complaint to add Ed Peterson and Malcolm McMillin as Defendants. Am. Mot. [5]. That motion was granted and those Defendants were joined; but an amended complaint was never filed. Order [15]. Therefore, Ellis's initial pleading, filed December 23, 2014, appears to remain the operative complaint with the addition of those now-dismissed Defendants.

[4] At different points in his motion, Ellis discusses issues common to collateral relief proceedings. *See, e.g.*, Am. Mot. [98] at 2, 4. But the Court reminds Ellis, as Judge Ball did at his omnibus hearing, that is not what this case is about. His claims here challenge whether he was denied his fundamental constitutional right of access to the courts. Any challenge to his conviction or sentence must be pursued in Ellis's habeas corpus action, which remains pending in 3:15-CV-121-HTW-FKB.

[5] On July 17, 2017, an "Alert" was docketed from Ellis, bringing the Court's attention to the actions of his fellow inmate Melvin Perkins. Ellis asserts that Perkins "seriously

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2017.

                                                      s/ *Daniel P. Jordan III*
                                                      UNITED STATES DISTRICT JUDGE

---

threaten[ed]" Ellis's life and that he wants Perkins moved. Alert [99] at 1. This does not appear to relate in any way to the case before this Court. But in the event Ellis is attempting to initiate a new civil action, the Clerk's Office is directed to send him the proper forms and applications to do so.